J-S02031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.M., A MINOR : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| APPEAL OF: L.F., GRANDMOTHER : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | No. 928 EDA 2017 |

Appeal from the Order February 21, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0001077-2013

| | |
|---|---|
| IN THE INTEREST OF: R.C.-E., A : | IN THE SUPERIOR COURT OF |
| MINOR : | PENNSYLVANIA |
| : | |
| : | |
| APPEAL OF: L.F., GRANDMOTHER : | |
| : | |
| : | |
| : | |
| : | No. 929 EDA 2017 |

Appeal from the Order February 21, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0002538-2015

| | |
|---|---|
| IN THE INTEREST OF: G.C.-E., A : | IN THE SUPERIOR COURT OF |
| MINOR : | PENNSYLVANIA |
| : | |
| : | |
| APPEAL OF: L.F., GRANDMOTHER : | |
| : | |
| : | |
| : | |
| : | No. 930 EDA 2017 |

Appeal from the Order February 21, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0002539-2015

BEFORE:   BOWES, J., NICHOLS, J., and RANSOM*, J.

_____

* Retired Senior Judge assigned to the Superior Court.

J-S02031-18

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 27, 2018**

Appellant, L.F. ("Grandmother"), appeals from the order dated February 21, 2017, denying her motion to intervene pursuant to Pa.R.J.C.P. 1133 in the dependency proceedings for her three grandchildren: A.M., born in October 2004; R.C.-E., born in September 2012; and G.C.-E., born in September 2013 (collectively, "the Children"). We affirm.

In its opinion, entered June 9, 2017, the trial court fully and correctly set forth the relevant facts and procedural history of this case. **See** Trial Court Opinion, 6/9/17, at 1-7. Therefore, we have no reason to restate them here at length.

For the convenience of the reader, we simply note that Grandmother filed a motion to intervene in dependency, claiming that she had standing as a grandparent. In the motion to intervene, Grandmother sought "sole physical and sole legal custody" of the Children. Mot. to Intervene in Dependency, 2/21/17, at 2 ¶ 6. Grandmother did not file complaints in custody; no custody actions exist for the Children – only the dependency and termination of parental rights actions. The trial court denied Grandmother's motion to intervene.

In her timely appeal, Grandmother raises one issue for our review:

Did the [trial] court commit an error of law and/or abuse of discretion in denying Grandmother[]'s Motion to Intervene and petition for custody of the [Children], who were in the custody of

- 2 -

the Department of Human Services (DHS) pursuant to an adjudication of dependency.

Grandmother's Brief at 4.[1]

> In [**In re**] **L.Z.**, [111 A.3d 1164 (Pa. 2015),] the Supreme Court stated:
>
>> "The standard of review in dependency cases requires an appellate court to accept findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law." **In re R.J.T.**, 608 Pa. 9, [27], 9 A.3d 1179, 1190 (Pa. 2010).  We review for abuse of discretion.
>
> **L.Z.**, 111 A.3d at 1174.  In addition, we have observed:
>
>> In dependency proceedings our scope of review is broad. ... Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate.
>
> **In re C.B.**, 861 A.2d 287, 294 (Pa. Super. 2004) (quoted citation omitted)[.]

**In Interest of J.M.**, 166 A.3d 408, 416 (Pa. Super. 2017).

Grandmother alleges that the "Custody Act unambiguously gives [her] the right to petition for custody of [the Children] and to be heard on the merits of that petition" and that the trial court's "conclusion that [she] failed to file a petition for custody is patently incorrect."  Grandmother's Brief at

---

[1] On October 6, 2017, we granted the motion of the Philadelphia Department of Human Services ("DHS") for an extension of time to file its brief.  We ordered that the brief be filed by October 20, 2017; as of the date of this memorandum, DHS has not filed a brief with this Court.

24, 26. However, irrespective of how Grandmother now is labelling her motion to intervene as a "petition for custody," *id.*, Grandmother never actually filed a complaint for custody.[2] Notes of Testimony (N. T.), 2/21/17, at 41-42. As Grandmother did not file a custody complaint, we can only address Grandmother's standing as it applies in a dependency action where a motion to intervene is filed.[3]

> [T]his Court [has] identified the only three classes of individuals that are conferred standing to participate, introduce evidence, be heard on their own behalf, and cross-examine witnesses during a dependency hearing: (1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is in question.

*In re J.S.*, 980 A.2d 117, 122 (Pa. Super. 2009) (citation and internal quotation marks omitted). Grandparents do not have standing in dependency proceedings when they do not meet any of the categories for "party" status. *In re F.B.*, 927 A.2d 268 (Pa. Super. 2007); *see also In re D.M.*, 995 A.2d 371, 379 (Pa. Super. 2010); *In re L.C. II*, 900 A.2d 378,

---

[2] At the time this action was decided by the trial court, Pa.R.C.P. 1915.3 and 1915.4 controlled the procedure for the commencement and disposition of a custody action under the Custody Act. A custody action had to be commenced by a verified complaint. Thus, Paragraph 6 and the "wherefore" clause in Grandmother's petition to intervene in dependency requesting that the trial court grant "sole physical and sole legal custody of the [C]hildren" to her were insufficient to fulfill the requirements for custody, contrary to Grandmother's contention in her brief to this Court. Grandmother's Brief at 26-27.

[3] Had Grandmother properly filed for custody, she would have had standing pursuant to 23 Pa.C.S. § 5324(3)(iii).

380, 382 (Pa. Super. 2006). A child's grandparents do not have standing in dependency proceedings when they do not have legal custody of the child. **D.M.**, 995 A.2d at 377.

Here, Grandmother clearly does not have standing to intervene, because she is not a parent of the Children, does not stand *in loco parentis* to the Children, and does not have care or control over the Children. N. T., 2/21/17, at 39. It is undisputed that the Children were removed from Mother and not from Grandmother in September 2015, when the Philadelphia Department of Human Services ("DHS") obtained orders of protective custody. The Children were later adjudicated dependent and custody had remained with DHS.

Furthermore, Grandmother had been present at multiple review hearings and even testified as a witness on December 19, 2016, and February 21, 2017. Yet, she took no action to challenge the trial court's previous orders at prior review hearings in order to obtain custody of the Children. Grandmother waited until after DHS had filed petitions for involuntary termination of Mother's parental rights to the Children in order to file her challenge. Even then, she waited sixty days after learning that DHS filed its petitions in order to file her motion to intervene.

As Grandmother has no standing to file petitions to intervene and never filed complaints for custody, the trial court did not abuse its discretion

in dismissing Grandmother's petition to intervene. ***See J.M.***, 166 A.3d at 416.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18